## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THE ANDERSON LIVING TRUST f/k/a THE
JAMES H. ANDERSON LIVING TRUST;
THE PRITCHETT LIVING TRUST;
CYNTHIA W. SADLER; SHIRLEY L.
SCANLON LIVING TRUST AND ROBERT
WESTFALL,

        Plaintiffs,

vs.                             No. CIV 12-0039 JB/KBM

CONOCOPHILLIPS COMPANY, LLC,

        Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiffs' Expedited Motion to Modify Scheduling Order, filed September 29, 2015 (Doc. 154)("Motion").  The Court held a hearing on October 23, 2015.  The primary issues are: (i) whether the Court should push back all scheduling deadlines until it rules on the Plaintiffs' Motion for Reconsideration of the Court's Memorandum Opinion and Order, filed March 19, 2015 (Doc. 278)("Class Certification MOO"), denying class certification, in <u>Anderson Living Trust v. WPX Prod., LLC</u>, No. CIV 12-0040 JB/KBM ("<u>WPX</u>"); and (ii) in the alternative, whether the Court should push back all scheduling deadlines for ninety days.  Because the parties agreed at the hearing that the Plaintiffs need to amend their Second Amended Complaint for Underpayment of Oil and Gas Royalties, filed September 27, 2013 (Doc. 91)("<u>ConocoPhillips</u> Complaint"), the Court will push back the scheduling deadlines to allow the Plaintiffs to amend the <u>ConocoPhillips</u> Complaint.

**FACTUAL BACKGROUND**

The Court has summarized these cases' facts in numerous other opinions, see, e.g., Memorandum Opinion and Order at 2-6, filed May 16, 2014 in WPX (Doc. 246); Memorandum Opinion at 5-9, filed June 28, 2013 in ConocoPhillips (Doc. 76), and has even made detailed findings of fact in WPX while ruling on a class-certification motion, see Class Certification MOO at 3-75. The Court will not rehash the facts here, but, rather, will outline only those facts that are relevant to the disposition of the Motion before it. On October 20, 2011, two nearly identical groups of Plaintiffs,[1] represented by the same group of attorneys, filed two lawsuits in state court. Compare Anderson Living Trust v. Williams Prod. Co., D-117-CV-2011-00511 (1st Jud. Dist. Ct., Cnty. of Rio Arriba, State of N.M.)(Raphaelson, J.), with Anderson Living Trust v. ConocoPhillips Co., LLC, D-117-CV-2011-00510 (1st Jud. Dist. Ct., Cnty. of Rio Arriba, State of N.M.)(Raphaelson, J.). The two suits are similar in every way except that one of them, WPX, is against Defendants WPX Energy Production, LLC, Williams Production Company, LLC, and WPX Energy Rocky Mountain, LLC (collectively, "the WPX Defendants"), while the other, ConocoPhillips, is against Defendant ConocoPhillips Co., LLC. Compare Fourth Amended Complaint for Underpayment of Oil and Gas Royalties, filed September 27, 2013 in WPX (Doc. 129)("WPX Complaint"), with ConocoPhillips Complaint.

Both suits are proposed class actions on behalf of landowners who executed long-term leases with the Defendants. See WPX Complaint ¶ 26, at 10-12; ConocoPhillips Complaint ¶ 24, at 9-11. The leases, which were largely executed in the 1940s, allow the Defendants to drill for natural gas on the Plaintiffs' land in exchange for a royalty payment -- usually one-eighth of the

---

[1]Five parties are Plaintiffs in both cases, three Plaintiffs are unique to WPX, and two Plaintiffs are unique to ConocoPhillips. Compare Fourth Amended Complaint for Underpayment of Oil and Gas Royalties ¶¶ 1-4(d), at 2, filed September 27, 2013 in WPX (Doc. 129), with ConocoPhillips Complaint ¶¶ 1-5(c), at 1-2.

proceeds from sale.  See WPX Complaint ¶ 26, at 10-12; ConocoPhillips Complaint ¶ 24, at 9-11.  The Plaintiffs contend that the Defendants have been underpaying the royalties in a number of ways -- most notably by paying royalty on natural-gas liquids at the same price per MMBtu[2] that they pay for natural gas, which is a cheaper product -- and they seek damages for this underpayment going back to 1985.  See WPX Complaint ¶ 33, at 14; ConocoPhillips Complaint ¶ 19, at 7-8; id. ¶¶ 31-32, at 12-13.

The named Plaintiffs are individuals and trusts owned by individuals with no in-depth knowledge of the oil-and-gas industry, although their levels of oil-and-gas sophistication vary from Plaintiff to Plaintiff.  Owing to the leases' ages, no Plaintiff personally executed the lease that now pays his or its royalty; rather, all of the named Plaintiffs inherited their royalty interests. See WPX Complaint ¶ 26, at 10-12; ConocoPhillips Complaint ¶ 24, at 9-11.  The only consistent information the Plaintiffs receive regarding their royalties are their monthly check stubs, which contain figures -- broken down by well, for those Plaintiffs who own royalty interests in more than one well -- for the total "price," "quantity," "value," "deductions," and "net [proceeds]" of all gas recovered from the Plaintiff's well over that payment period, and the "interest," "paid int[erest]," "value," "deductions," and "net share" of the Plaintiff's royalty. E.g., Check Stubs of James H. Anderson Living Trust (dated over numerous years), filed with the Court during the class-certification hearing in WPX as Plaintiffs' Ex. 1.  See WPX Complaint ¶¶ 86-87, at 26-27; id. ¶ 95, at 28-29; ConocoPhillips Complaint ¶¶ 81-82, at 24-25; id. ¶ 90, at 27.  The Plaintiffs also receive the checks, which contain only the final dollar figure

_____

[2]An MMBtu is 1,000,000 Btus.  A Btu is a "British thermal unit," which is a unit of energy equivalent to approximately 1,055 joules.  The joule (J) is the SI -- or International System of Units -- unit of energy, and it is the amount of energy required to exert one Newton (N) of force over a distance of one meter.  A Newton is the amount of force required to accelerate one kilogram of mass by one meter per second-squared.  See Class Certification MOO ¶¶ 66-67 & nn.6-7, at 16.

of the royalty payout for that payment period.  See, e.g., Check Stubs of James H. Anderson Living Trust at 1-2.

## PROCEDURAL BACKGROUND

The Defendants in both cases -- who also share overlapping counsel, but not completely identical counsel -- removed their cases to federal court on January 12, 2012, asserting federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").  Notice of Removal, filed January 12, 2012 in WPX (Doc. 1); Notice of Removal, filed January 12, 2012 in ConocoPhillips (Doc. 1).  On March 19, 2015, the Court denied class certification in WPX.  See Class Certification MOO at 1-2.  Of importance here, the Court did not consider whether to certify a class on the basis of the implied duty to market, because the Court had previously dismissed the Plaintiffs' assertion of that claim.  See Class Certification MOO at 2.  The Plaintiffs in WPX then filed a motion asking the Court to reconsider its denial of class certification on the basis of the implied duty to market.  See Plaintiffs' Motion for Reconsideration of Order Denying Class Certification, filed June 1, 2015 (Doc. 288)("Motion to Reconsider").  The Court had not yet ruled on the Motion to Reconsider when the Plaintiffs filed this Motion.

In this Motion, the Plaintiffs "request that the Court stay the deadlines and schedule adopted by the Court in the Order Granting Joint Motion to Modify Scheduling Order," filed May 12, 2015 (Doc. 152), "until the Court rules on the plaintiffs' motion for reconsideration of the Court's order denying class certification entered in the *Anderson Living Trust v. WPX* case." Motion at 1.  The Plaintiffs describe how, in the Court's Class Certification MOO, it "found that, without a claim of breach of the implied covenant to market, the plaintiffs' breach of contract claims must rely on the express language of each of the oil and gas leases and overriding royalty

- 4 -

assignments."  Motion at 2.  The Plaintiffs contend that "there is an implied covenant to market claim that, under New Mexico law, would not necessitate the type of oil and gas lease examination that the Court found is required in its Order Denying Class Certification."  Motion at 3.  They argue that the Court's "potential decision on the plaintiffs' pending Motion to Reconsider in *Anderson v. WPX* is critical to the type of analysis, expert opinions, and class certification preparation required in the instant case."  Motion at 3.

The Plaintiffs explain that, in an effort to certify a class under the Court's ruling in the Class Certification MOO, their experts "have been diligently reviewing, indexing, and categorizing" the discovery they have received from the Defendants.  Motion at 2.  They assert that this discovery "includes over 2,000 oil and gas leases and over 21,900 assignments of oil and gas leases . . . ."  Motion at 2.  They argue that, if the Court determines that the Plaintiffs could certify a class on the basis of the implied duty to market, they would not need to continue with their extensive discovery.  See Motion at 2-3.  Accordingly, the Plaintiffs "request that the Court stay the deadlines and schedule set forth in the current Scheduling Order until such time as the Court issues a ruling on the Motion to Reconsider in *Anderson v. WPX*."  Motion at 3.  In the alternative, the Plaintiffs ask the Court to "extend the current deadlines for ninety (90) days on account of the large volume of instruments necessary for expert review and analysis."  Motion at 4.

The Defendants responded on October 16, 2015.  See Defendant's Response to Plaintiffs' Expedited Motion to Modify Scheduling Order, filed October 16, 2015 (Doc. 160)("Response").  They argue that the Plaintiffs have failed to show good cause for why the Court should modify its scheduling order, which rule 16 of the Federal Rules of Civil Procedure requires.  See Response at 2.  First, the Defendants contend that a motion for reconsideration filed four months

earlier in another case does not justify an indefinite stay of all proceedings in this case.  See

Response at 2-3.  They argue:

> If the Court's decision on the motion for reconsideration was truly "critical to the type of analysis, expert opinions, and class certification preparation required in the instant case," as Plaintiffs contend (Mtn. ¶ 6), Plaintiffs would have (and should have) moved this Court for a stay as soon as Plaintiffs' counsel filed the motion for reconsideration in *Anderson v. WPX*.

Response at 3.  The Defendants argue that, instead, the Plaintiffs waited until September to file

their Motion, "a mere three weeks before their expert reports, exhibit list and witness list are

due."  Response at 3.  This delay "falls far short of the diligent effort required for a finding of

good cause under Rule 16."  Response at 3.

The second problem the Defendants cite is that the Court's resolution of the issues the

Plaintiffs are disputing "is a final resolution."   Response at 3.   They contend that "it is

unreasonable to hold this case captive indefinitely for every possible motion for

reconsideration."  Response at 3.  Finally, the Defendants assert that the Plaintiffs' failure to

review the discovery in this case, "produced to them eight to eighteen months ago," does not

justify a ninety-day extension of all deadlines.  Response at 4.

On October 15, 2015, shortly before the Court's scheduled hearing on the Motion, the

Plaintiffs filed the Plaintiffs' Unopposed Motion to Modify Scheduling Order, filed October 15,

2015 (Doc. 159)("Unopposed Motion to Modify").  The Plaintiffs stated that the Defendants

agreed to extend the deadlines by which the Plaintiffs could file their expert reports, exhibit list,

witness list, and class certification brief "in the event the Court denies Plaintiffs' Motion to

Modify Scheduling Order."  Unopposed Motion to Modify at 1.  The Defendants agreed that the

"deadline should be extended to November 2, 2015," for the Plaintiffs' expert reports, exhibit

list, and witness list, and the deadline should be extended to November 12, 2015 for the class

certification brief.  See Unopposed Motion to Modify at 2.  On October 21, 2015, the Court granted the Plaintiffs' Unopposed Motion to Modify.  See Order, filed October 21, 2015 (Doc. 161).

The Court held a hearing on October 23, 2015.  See Transcript of Hearing (taken October 23, 2015)("Tr.")(Doc. 163).  The Plaintiffs began by describing the burden of combing through each lease agreement and categorizing the leases.  See Tr. at 5:5-10 (Brickell).  The Plaintiffs stated that, unless the Court were to grant their Motion to Reconsider in WPX and rule that they could certify a class on the basis of the implied duty to market, they would continue with discovery and "come up with a class definition that would fall within the type of framework the Court outlined in WPX."  Tr. at 5:11-15 (Brickell).  They informed the Court that, if the Court denied their Motion to Reconsider, they would narrow their class definition in this case by using only "certain lease forms or override forms, propose that those are sufficiently common and create predominance as the Court analyzed."  Tr. at 6:5-14 (Brickell).  The Plaintiffs asked for more time to submit their class definition, because this case involves more difficult lease documents and discovery.  See Tr. at 6:18-25 (Brickell).

The Court asked the Defendants whether they would agree to any extension.  See Tr. at 8:1-5 (Court).  The Defendants stated that they would be amenable to pushing back the deadlines, as long as the Plaintiffs gave the Defendants their new class definition relatively quickly.  See Tr. at 9:9-20 (Campbell).  The Plaintiffs stated that, before the Court modified the scheduling order, however, they needed to amend the pleadings to make sure they pled their claim for breach of the implied covenant to market properly.  See Tr. at 12:15-20 (Brickell).  The Plaintiffs therefore asked for leave to file a motion to amend their ConocoPhillips Complaint after the hearing and then to give the Defendants time to respond.  See Tr. at 12:20-23 (Brickell).

In light of the Plaintiffs' request to amend the ConocoPhillips Complaint, the Court asked the Defendants whether it would be "better to set a date for [the Plaintiffs] to file a motion to amend and then we deal head up with that issue on a motion to amend rather than setting a schedule for class certification . . . ."  Tr. at 14:11-18 (Court).  The Defendants agreed to allow the Plaintiffs to file a motion to amend before modifying the scheduling order.  See Tr. at 14:20-21 (Campbell).  The Plaintiffs also agreed with the Court's plan.  See Tr. at 14:23 (Brickell).  The parties decided to allow the Plaintiffs to file their motion to amend by December 10, 2015, and to give the Defendants until January 29, 2016 to file their response.  See Tr. at 16:7-14 (Brickell, Campbell, Court).  The Court stated that it would give the Plaintiffs fifteen days to reply, and that the Court would then "set a hearing for the motion to amend."  Tr. at 17:13-17 (Court).

The Defendants requested that the Plaintiffs include the new restricted class definition in their motion to amend their ConocoPhillips Complaint.  See Tr. at 17:24-18:2 (Campbell).  The Plaintiffs agreed to include a new class definition in their motion to amend, but stated that "normally you can always narrow the definition that you originally sought, and no one is necessarily prejudiced by that."  Tr. at 18:15-17 (Brickell).

## ANALYSIS

Pursuant to the parties' agreement at the hearing, the Court will allow the Plaintiffs to file a motion to amend the ConocoPhillips Complaint before "setting a schedule for class certification."  Tr. at 14:11-18 (Court).  See id. at 14:20-21 (Campbell); id. at 14:23 (Brickell).  The Plaintiffs must file their motion to amend the ConocoPhillips Complaint by December 10, 2015.  See Tr. at 16:7-14 (Brickell, Campbell, Court).  The Defendants must file their response by January 29, 2016.  See Tr. at 16:7-14 (Brickell, Campbell, Court).  The Plaintiffs must file

their reply by February 16, 2016.  See Tr. at 16:7-14 (Brickell, Campbell, Court).  The Court will

hold a hearing on the motion to amend on February 25, 2016 at 9:00 a.m.  The Court vacates the

class certification hearing, originally scheduled for February 17-19, 2016.

**IT IS ORDERED** that the Plaintiffs' Expedited Motion to Modify Scheduling Order,

filed September 29, 2015 (Doc. 154), is granted in part and denied in part.  The Plaintiffs must

file their motion to amend by December 10, 2015, the Defendants must respond by January 29,

2016, and the Plaintiffs must reply by February 16, 2016.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Stan Koop
Stan Koop, PLLC
Norman, Oklahoma

--and--

Karen Aubrey
Law Office of Karen Aubrey
Santa Fe, New Mexico

--and--

Brian K. Branch
The Law Office of Brian K. Branch
Albuquerque, New Mexico

--and—

Stephen R. McNamara
Brian Inbody
McNamara, Inbody & Parrish, PLLC
Tulsa, Oklahoma

--and--

Turner W. Branch
Cynthia Zedalis
Branch Law Firm
Albuquerque, New Mexico

--and--

Bradley D. Brickell
Brickell & Associates, P.C.
Norman, Oklahoma

      *Attorneys for the Plaintiffs*

Michael B. Campbell
Campbell Trial Law, LLC
Santa Fe, New Mexico

--and--

Mark F. Sheridan
Bradford C. Berge
Robert J. Sutphin
Holland & Hart LLP
Santa Fe, New Mexico

      *Attorneys for the Defendant*